### In re GUSTAVSON.

(District Court, S. D. California, S. D. June 30, 1924.)

No. 816–M.

1. Aliens ⊜—68—Naturalization; alien declarant, claiming exemption from military service, may be admitted only on declaration made since Armistice.

'An alien declarant, who claimed exemption from military service during the war on the ground of alienage, may only be admitted to citizenship on a declaration of intention made since the Armistice and the lapse of five years thereafter.

2. Aliens ⊜—62—Withdrawal of declaration of intention by alien, who afterward served in army, does not forfeit right to naturalization.

Withdrawal of his declaration of intention by a neutral alien, who claimed exemption from military service, does not forfeit his right to subsequent naturalization, under Act July 9, 1918, c. 143, subc. 12, § 4 (Comp. St. Ann. Supp. 1919, § 2044b), where he actually served in the army of the United States during the war and received an honorable discharge.

In the matter of the petition of Albert Gustavson for admission to citizenship. Denied.

Frederick Jones, Naturalization Examiner in charge, and Olive A. Pixley, U. S. Naturalization Examiner.

JAMES, District Judge. [1] The petition for naturalization of the applicant showed him to have served in the army of the United States during the recent war and to have been honorably discharged therefrom. It was also shown that petitioner claimed exemption on the ground of alienage when he made answer to the draft questionnaire. He had previously filed a declaration to become a citizen of the United States. Prior to his service in the army he also made request for leave to, and did, surrender such declaration. Under the established rule of the District Court in this district, the fact being made to appear that exemption was claimed from military service during the recent war by an applicant on the ground of alienage is sufficient to show a lack of loyalty, which will be presumed to have continued during the entire period of the war, and to require in such case that the application be denied; this rule applying to all such cases, except where a declaration of intention was filed subsequent to the date of the Armistice (November 11, 1918), and a full period of five years has elapsed subsequent to filing such declaration and before the filing of the petition

⊜—For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

for naturalization. Under the rule adverted to, necessarily the application should be denied.

[2] The examiner, however, suggests that petitioner's case is one which, by reason of his having surrendered his declaration of intention, should be recorded as forever preventing a reapplication to be made; this because of the provisions of the Act of July 9, 1918, which reads as follows:

"Provided, that a citizen or subject of a country neutral in the present war who has declared his intention to become a citizen of the United States shall be relieved from liability to military service upon his making a declaration, in accordance with such regulations as the President may prescribe, withdrawing his intention to become a citizen of the United States, which shall operate and be held to cancel his declaration of intention to become an American citizen, and he shall forever be debarred from becoming a citizen of the United States." 40 Stat. pt. 1, p. 885 (Comp. St. Ann. Supp. 1919, § 2044b).

The intention of that act plainly was to fix a penalty where an alien declarant was relieved from military service; that is, if he withdrew his declaration of intention, so as to make effectual his claim for exemption from service, he should then "forever be debarred" from becoming a citizen of the United States.

In this case the government did not relieve the declarant from service, and he actually did serve and received an honorable discharge; hence no exemption right was accorded to him, and he should not be held to have incurred the penalty affixed. The denial of his application should therefore be only because of his claim for exemption under the draft, and the record should not show that he incurred the penalty provided for under the Act of July 9, 1918; and it is so ordered.